**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ramiro LEON–ESPARZA,
Defendant—Appellant.**

Nos. 04–50035, 04–50057.
DC Nos. CR–03–2162–NAJ,
CR–00–03173–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2005.

Decided Sept. 2, 2005.

James V. Fazio, III, Jason M. Ohta, Asst. U.S. Atty., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Marnie G. Ganotis, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before REINHARDT and CLIFTON, Circuit Judges, and WEINER, District Judge.*

## MEMORANDUM**

On January 13, 2004, Leon–Esparza was sentenced to 24 months incarceration and three years special release, following his guilty plea to one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. The court imposed a mandatory condition to his supervised release requiring that he "shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter." The court also imposed a special condition to his supervised release requiring that he participate "in a program of drug and/or alcohol abuse treatment, including urinalysis testing and counseling, as directed by probation." On January 29, 2004, Leon–

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

Esparza admitted violating the conditions of his prior supervised release. His supervised release was revoked and he was sentenced to 12 months incarceration to be served consecutively to the sentence on his new offense. Neither Leon–Esparza nor his counsel made a timely objection to the court's imposition of the drug testing and drug treatment conditions.

The drug testing provision may be subject to challenge. *Cf. United States v. Stephens,* 424 F.3d 876 (9th Cir.2005) (supervised release order requiring "at least two periodic drug tests thereafter, as directed by the probation officer" was error where defendant preserved issue and was actually subjected to tests; district court required to state the maximum number of non-treatment program drug tests to which defendant may be subjected while on supervised release). However, Leon–Esparza is still serving his custodial sentence and may never be subjected to any conduct which he claims to be unlawful since he is subject to deportation upon the expiration of his custodial sentence. In this circumstance, we decline to review the drug testing order for plain error. *See United States v. Rearden,* 349 F.3d 608, 618 (9th Cir.2003).

**AFFIRMED.**